IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANNY HOPPER                                                                                   PLAINTIFF

v.                         Civil No. 2:24cv-02040-SOH-MEF

DEPUTY BRANDON CHANCEY;
FORMER PROSECUTOR RINDA BAKER;
PROSECUTOR KEVIN HOLMES;
PROSECUTOR WILL COSNER;
JUDGE MIKE MEDLOCK;
JUDGE MARC McCUNE;
JUDGE CANDICE SETTLE;
DEPUTY KEITH SMITH;
PROSECUTOR HASKELL BAKER;
JUDGE CHARLES BAKER;
COURT REPORTER SHAWNA SHEPARD;
COURT REPORTER TIFFANY
MATHENY;
ATTORNEY LUTHER SUTTER;
ATTORNEY BEN CATTERLINE;
ATTORNEY TREY BRYANT;
ATTORNEY ROB JEAN;
PUBLIC DEFENDER CALEB WARD;
DOUG HARLAN (Former Deputy
Prosecutor);
SURVEYER TONEY ANDERSON;
PUBLIC DEFENDER MICHAEL RABY;
CIRCUIT CLERK SHARON BAKER;
DEPUTY PROSECUTOR LENA
PINKERTON;
APPEAL COURT JUDGE WAYMAN
BROWN                                                            DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

1

Currently before the Court are Motions to Dismiss by the State and County Defendants (ECF No. 9), Trey Bryant (ECF No. 11), and Luther Sutter (ECF No. 27). Also before the Court is a Motion to Compel by the County Defendants (ECF No. 29), and two Motions to Stay by Plaintiff (ECF Nos. 5, 22). Finally, Plaintiff's failure to obey a Court Order and failure to prosecute this case are before the Court.

## I.      BACKGROUND

Plaintiff filed his Complaint on March 26, 2024. (ECF No. 1). Plaintiff proceeds *pro se* but he paid the filing fee. He was not incarcerated at the time of filing, and his current address of record indicates he is currently released on an appeal bond. (ECF No. 1 at 2). Plaintiff alleges that his federal constitutional rights were violated concerning an unidentified state criminal case or cases starting in May of 2022. (ECF No. 1). Plaintiff's Complaint is lengthy and raises multiple allegations against 23 Defendants. The essential gist of Plaintiff's Complaint is that he was wrongfully convicted for exercising his right of Free Speech. (*Id*. at 23). He alleges he received ineffective assistance of counsel because his defense attorneys refused to "advocate his cause of exposing the fraud upon the court," and he was forced to turn over his passport "which is a breach of contract by the state." (*Id*. at 15, 19). Plaintiff alleges he suffered a heart attack in April of 2023 because of his wrongful criminal case. (*Id*. at 26). Plaintiff seeks compensatory and punitive damages. (*Id*.). He alleges he has spent over $60,000 so far for one voicemail that was protected by free speech. (*Id*.). He further alleges the "Crawford County justice system is completely corrupt – a legal con game. It's a matter of public safety basically organized crime to obtain federal money to the Arkansas State Corporation. The legal Attorney's protect each other." (*Id*.).

Plaintiff filed his first Motion to Stay on April 16, 2024. (ECF No. 5). Plaintiff states he requests "a stay of the proceedings, as this lawsuit was filed to preserve statue of limitations, until

favorable termination can be obtained in Higher Appeal courts." (*Id.*). Plaintiff again does not identify the state case or cases he is appealing.

The State Defendants[1] filed their Motion to Dismiss for Failure to State a Claim on April 19, 2024. (ECF No. 9). On April 30, 2024, the Crawford County Defendants[2] filed a Motion to Join in and Adopt the State Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 10(c). (ECF No. 14). This Motion was granted on May 1, 2024. (ECF No. 16). Trey Bryant filed his Motion to Dismiss on April 23, 2024. (ECF No. 11). Luther Sutter filed a Motion to Dismiss on July 26, 2024. (ECF No. 27).

The Joint Motion to Dismiss by the State and County Defendants identified four state cases in question related to this case:

> *State v. Danny Hopper*, 17CR-22-455 (Terroristic Threatening and Stalking.) https://caseinfonew.arcourts.gov/opad/case/17CR-22-455
>
> *Pamela Hopper v. Danny Hopper*, 17DR-22-198 (Order of Protection) https://caseinfonew.arcourts.gov/opad/case/17DR-22-198
>
> *State v. Danny Dwane Hopper*, VAS-22-1597 (Harassing Communications & FTA) https://caseinfonew.arcourts.gov/opad/case/VAS-22-1597
>
> *State v. Danny Hopper*, 17CR-23-266 (Misdemeanor Appeal of VAS-22-1597), https://caseinfonew.arcourts.gov/opad/case/17CR-23-266.

(ECF No. 9 at 1). They note most of Plaintiff's allegations "arise from *State v. Danny Hopper*, 17CR-22-455, in which Plaintiff was accused of threatening to cause bodily harm to his neighbor in early 2022. Although Plaintiff denied these allegations at every step in the process, he was

---

[1] The Honorable Waymond Brown, the Honorable Mike Medlock, the Honorable Marc McCune, the Honorable Candice Settle, the Honorable Charles Baker, Rinda Baker, Kevin Holmes, Will Cosner, Haskell Baker, Shawna Shepard, Tiffany Matheny, Caleb Ward, Doug Harlan, Michael Raby, and Lena Pinkerton. (ECF No. 9 at 1).
[2] Deputy Brandon Chancey, in his individual capacity, and Sharon Blount-Baker, in her official capacity. (ECF No. 14 at 1).

3

found guilty by a jury of his peers in October 2023." (*Id*. at 1-2). They argue Plaintiff's Complaint should be dismissed because:

- Service of process was improper.

- Federal equitable relief is inappropriate as Plaintiff has pending state court proceedings addressing these issues.

- Plaintiff has failed to state a claim upon which relief can be granted,

- The Honorable Waymond Brown, the Honorable Mike Medlock, the Honorable Marc McCune, the Honorable Candice Settle, and the Honorable Charles Baker are all entitled to judicial immunity.

- Separate State Defendants Kevin Homes, Rinda Baker, Will Cosner, Haskell Baker, Doug Harlan, Lena Pinkerton are all entitled to prosecutorial immunity.

- All State Defendants are entitled to qualified immunity in their individual capacity and sovereign immunity in their official capacity.

(ECF No. 9 at 2-3).

Defendant Trey Bryant filed his Motion to Dismiss on April 23, 2024. (ECF No. 11). He argues any claims against him should be dismissed because Plaintiff both served him with a defective summons and failed to state a claim upon which relief can be granted. (*Id*.). Defendant Luther Sutter filed his Motion to Dismiss on July 26, 2024. (ECF No. 27). He argues any claims against him should be dismissed because service was improper. (*Id*. at 1).

Plaintiff filed a pleading entitled "Demand for Validation of Subscribed Oath of Office" on May 1, 2024. (ECF No. 18). This Oath states as follows:

> In the common law and on this day of May 01, 2024: This Oath of office of all public officials that perform any duties as regards to this contract/case, the exact provisions of the U.S. Constitution into which is agreed to support are exhibited, filed and accepted in the case jacket of the above cause, as a certified document.

4

> Or in other words a copy of your oath of office that binds you to uphold the constitution in this contract.
>
> OATH OF OFFICE is a binding contract and it is your bond which will indemnify the public for any losses incurred in this cause and is a matter of constitutional importance and activates in said legal and moral duties to exhibit requisite credentials. Moreover failure to qualify by filing a bond and taking the oath of office is grounds for ouster by Quo Warranto. Please file into the case jacket of this cause# case no. 2;24 CV-2040. This demand isn't intended to be disrespectful to anyone, but it binds those entered into the contract to obey the Constitution. If any Federal Actor has an issue with adhering to the constitution then please stay out of the contract.

(*Id.*). The Court notes that this document is indicative of the sovereign citizen basis for Plaintiff's claims in this case.[3]

Plaintiff filed a second Motion to Stay on May 6, 2024. (ECF No. 22). Plaintiff asks that the proceedings in this case be stayed pending the resolution of the appeal in "Appeal Case CR-24-90." The Crawford County Defendants filed a Response stating they had no objection to a stay in this case pending that appeal. (ECF No. 23). Defendant Luther Sutter and the State Defendants filed Responses in Opposition to a stay. (ECF Nos. 24, 25).

On July 26, 2024, the Court entered a Show Cause Order noting that Plaintiff had failed to submit his Responses to the Motions to Dismiss by the State and County Defendants and Defendant Trey Bryant in violation of the Federal and Local Rules of Civil Procedure. (ECF No. 26). Plaintiff was directed to submit his Show Cause Response by August 16, 2024. (*Id.*). Plaintiff

---

[3] "Many sovereign citizens believe government officials must sign an 'Oath of Office' upon assuming their position and this 'Oath of Office' defines the official's legal authority while serving in that position. They also believe officials must post a 'bond' (a declaration of their authority to conduct activity on behalf of the government) . . .. Sovereign citizens believe seizing the official's 'bond' prevents him/her from conducting any activity on behalf of the government." Federal Bureau of Investigation Domestic Terrorism Unit, *Sovereign Citizens: An Introduction for Law Enforcement*, available https://info.publicintelligence.net/FBI-SovereignCitizens.pdf (last accessed Oct. 18, 2024).

was advised that failure to submit the required Response by the deadline would result in the dismissal of his case. (*Id*.).

Plaintiff timely filed his "Reply to Order to Show Cause" on August 1, 2024. (ECF No. 28). In this Reply, Plaintiff flatly refuses to submit a Response to the Motions to Dismiss as he was required to do under the Federal Rules of Civil Procedure, Local Rules, and as ordered to do by this Court. As grounds, he argues that: 1) he cannot argue until the Court rules on his motion to stay; and 2) "[i]f I replied to the motions then that would be detrimental to my cause because favorable termination on the States cases, has not yet been granted." (*Id*. at 3). Instead, he provides sovereign citizen arguments concerning his Complaint,[4] including:

> Comes Now, Danny-Dewane: Hopper, beneficiary of the Cestui Que Vie Trust (DANNY D HOPPER a fictitious entity), without prejudice, UCC 1-308 a Citizen of The United States of America as penned in the body of the Constitution/ U.S. National, formerly presumed as a United States Citizen by fraud by the United States Corporation.
> . . .
> Mr. Sutter as well as the other defendants all conspired together to wrongfully convict the trust DANNY D HOPPER. Danny-Dewane: Hopper who was never

---

[4] Sovereign citizens believe the United States Government needed collateral to participate in global trade after removing the United States currency from the gold standard. As a result,

> [t]hey claim the government has pledged its citizenry as collateral by selling their future earning capabilities to foreign investors, effectively enslaving all Americans. This sale, sovereign citizens claim, takes place at birth with the issuance of a birth certificate and the hospital advice to apply for a Social Security Number for the baby. . . . Sovereigns say that the government then uses that birth certificate to set up a corporate trust in the baby's name – a secret U.S. Treasury account . . .. Sovereign citizens believe that by setting up this Treasury Direct Account (TDA), every newborn's rights are split between those held by the flesh-and-blood baby and the ones assigned to his or her corporate shell account, evidenced, they claim, by the fact that most certificates use all capital letters to spell out a baby's name – JOHN DOE," for example. They falsely attribute this all-capital version to the actual name of the corporate shell identity, also called a "straw man," while "John Doe" without all caps is the baby's "real," flesh-and-blood name." Southern Poverty Law Center, *Sovereign Citizens Movement*, available at https://www.splcenter.org/fighting-hate/extremist-files/ideology/sovereign-citizens-movement (last accessed Oct. 15, 2024).

> indited on the charges.  The filing should have reflected my Family name instead of the fictitious name.
> . . .
> The State of Arkansas failed to disclose that the cases against me were contractual.  That as beneficiary of the trust DANNY D HOPPER, that I could accept the charges without penalty and settle the debt from the trust.
> . . .
> Further as a living man I was entitled to an Article 3 tribunal, however the State of Arkansas behaved as they had jurisdiction, under their Admiralty/ Maritime/Military Tribunal, when in fact, knowing that they did not have jurisdiction, the State appointed a bar attorney to plead for me without giving full disclosure that this action by deceit gave them jurisdiction.

(*Id*.).  Plaintiff also treats this Reply as an opportunity to make a third Motion to Stay his case, or in the alternative, to grant favorable termination of his Arkansas state cases.  (ECF No. 28 at 4).

The Crawford County Defendants filed a Motion to Compel on September 5, 2024.  (ECF No. 29).  In their Motion to Compel, they state they propounded Interrogatories and Requests for Production to Plaintiff on April 17, 2024.  (*Id*. at 1).  On August 14, 2024, they state they sent correspondence to Plaintiff requesting his past due discovery responses.  (*Id*.).  Plaintiff did not respond.  (*Id*.).  To date, Plaintiff has also not filed his Response to the Motion to Compel with this Court.

## II. DISCUSSION

### A. Plaintiff's Refusal to Obey a Court Order and Failure to Prosecute

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, Plaintiff has failed to respond to four pending Motions to Dismiss despite being required to do so under the Federal of Civil Procedure and Local Rules. When the Court Ordered him to Show Cause for failing to respond to two of them, he expressly refused to submit a Response to the Motions to Dismiss. Instead, he asserted inherently frivolous sovereign citizen arguments concerning his claims. Finally, he has failed to respond to a Motion to Compel. Plaintiff may be a *pro se* litigant, but he must still comply with substantive and procedural law. *See Burgs*, 745 F.2d at 528.

Plaintiff has failed to comply with a Court Order and has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### B. *Sua Sponte* Dismissal of Plaintiff's Sovereign Citizen Claims as Frivolous

Plaintiff's claims are also subject to dismissal because they are based on sovereign citizen ideology and principles. It is well-established in the Eighth Circuit that claims based on sovereign citizen ideology are inherently frivolous and should be summarily dismissed as a waste of judicial resources. *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding the sovereign

8

citizen issues in the case "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion."); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting "sovereign citizen" as a status); *Meyer v. Pfeifle*, No. 4:18-CV-04048, 2019 WL 1209776, at *5 (D.S.D. Mar. 14, 2019), *aff'd,* 790 F. App'x 843 (8th Cir. 2020) ("[plaintiff's] allegations regarding rights as a 'sovereign citizen' are frivolous and fail to state a claim"); *King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. Apr. 7, 2021) (claim that Nebraska statutes and laws do not apply to a sovereign citizen dismissed as frivolous); *Engel v. Corizon*, No. 4:20-CV-1744-HEA, 2021 WL 1105351, at *3 (E.D. Mo. Mar. 23, 2021) ("Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in this Circuit and in other federal courts around the nation."); *U.S. v. Mooney*, No. 16-CV-2547 (SRN/LIB), 2017 WL 2352002, at *3 (D. Minn. May 31, 2017) (noting sovereign citizen "arguments have been thoroughly and consistently rejected by courts throughout this country"); *see also United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen arguments "be rejected summarily, however they are presented"); *Haywood v. Texas Realator*, No. 3:22-CV-02174-K-BT, 2023 WL 5597346, at *3 (N.D. Tex. Aug. 7, 2023), *report and recommendation adopted*, No. 3:22-CV-02174-K-BT, 2023 WL 5604130 (N.D. Tex. Aug. 29, 2023) (sovereign citizens "cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse").

Plaintiff's demand for an Oath of Office from all Defendants, as well as his arguments in his Show Cause Reply are all clearly based on sovereign citizen ideology and principles. Additionally, sovereign citizen phrases underscore his Complaint. As such, his claims are inherently frivolous and should be summarily dismissed as a waste of judicial resources. This is

not to say, of course, that he cannot bring claims in federal court concerning alleged violations of his federal constitutional rights as a United States citizen. If Plaintiff wishes to bring a Complaint against Defendants who are subject to suit under § 1983, utilizing legitimate substantive federal law and following legitimate federal civil procedure, he is free to do so.

### III. CONCLUSION

For the reasons and upon the authorities discussed above, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE. It is further recommended that the Motions to Dismiss by the State and County Defendants (ECF No. 9), Trey Bryant (ECF No. 11), and Luther Sutter (ECF No. 27), as well as the Motion to Compel by the County Defendants, (ECF No. 29), and two Motions to Stay by Plaintiff (ECF Nos. 5, 22) be DENIED as MOOT.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of October 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE